UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUAN B. COLLAZO,

    Plaintiff,

v.                                                                           Case No. 5:23-cv-40-TKW-MJF

SCOTT DUVAL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because this court does not have subject-matter jurisdiction over Plaintiff's state-law claim of battery, the District Court should dismiss without prejudice this civil action.

**I. BACKGROUND**

On February 16, 2023, Plaintiff, a prisoner proceeding *pro se*, commenced this civil action. Doc. 1. Plaintiff asserts that on December 1, 2021, Defendant Scott Duval battered Plaintiff in violation of Florida Statutes § 784.03(1)(a), which is a criminal statute. *Id.* at 3–4.

On February 17, 2023, the undersigned ordered Plaintiff to file an amended complaint. The undersigned advised Plaintiff that he had failed to sufficiently allege facts which demonstrate that the District Court enjoys subject-matter jurisdiction over his state law claim of battery. The undersigned also informed Plaintiff about:

- the difference between and the parameters of federal-question and diversity-of-citizenship jurisdiction; and

- the facts Plaintiff needed to allege to establish that the District Court enjoyed subject-matter jurisdiction.

Doc. 3.

On April 3, 2023, Plaintiff submitted his first amended complaint on the court-approved form. Doc. 5. In this amended complaint, Plaintiff again named Scott Duvall as a Defendant. Plaintiff selected the boxes—that were pre-printed on the complaint form—indicating that this claim was brought pursuant to 42 U.S.C. § 1983 rather than *Bivens*. *Id.* at 2, 4. When directed to "state what rights under the Constitution, laws, or treaties of the United States" Duvall violated, Plaintiff responded that Duvall committed a battery in violation of Florida Statutes §§ 784.045 and 784.03, both of which are criminal statutes. Doc. 5 at 7. Plaintiff seeks $500,000 in damages. *Id.*

## II. Discussion

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the United States Constitution and federal statutes. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Absent a grant of subject-matter jurisdiction from the Constitution and a federal statute, a federal court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because the jurisdiction of federal courts is limited, "federal courts have

an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

A.      **Plaintiff Failed to Allege Federal-Question Jurisdiction**

In bestowing general federal-question jurisdiction on federal courts, Congress authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether it enjoys federal-question jurisdiction over an action, a federal court first must look at the subject matter of the "well-pleaded complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Calif.*, 463 U.S. 1, 9 (1983); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In doing so, courts look to the substance of the plaintiff's claims that are contained in the complaint, not merely the labels that a plaintiff has used to describe his claims. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932). Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Here, Plaintiff attempts to assert only one claim against Duvall: a state-law claim of battery or aggravated battery. Doc. 5 at 7; *see* Doc. 1 at 4. When a plaintiff has pleaded only a state-law cause of action, federal-question jurisdiction may exist

when "(1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state law-claims." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

It is readily apparent from Plaintiff's complaint that his state-law claims do not raise substantial questions of federal law and federal law does not completely preempt these claims. Accordingly, the District Court lacks federal-question jurisdiction over Plaintiff's state law claim of battery or aggravated battery.

**B.** **Plaintiff Failed to Allege Diversity-of-Citizenship Jurisdiction**

Federal courts enjoy diversity-of-citizenship jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In order to have complete diversity of citizenship, plaintiff's state of domicile must differ from that of the defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

A "natural person is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Domicile consists of two elements: (1) residency in a state and (2) intent to stay in that state. *Id.* (citing *Miss. Band of Choctaw Indians v. Holfield*, 490 U.S. 30, 48 (1989)). A prisoner is a citizen of the state where he was domiciled prior to incarceration. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002).

Based on Plaintiff's complaint and the Florida Department of Correction's Website, in 2019, in Orange County, Florida, Plaintiff was convicted of murder by a Florida court and since then, the Florida Department of Corrections has incarcerated Plaintiff at various prisons in Florida.[1] Doc. 5 at 4; *see* Doc. 4 (notice of change of address). Mr. Duvall is an employee of the FDC and works at the Northwest Florida Reception Center in Chipley, Florida. *Id.* at 4 (noting that Duvall was recently transferred to Northwest Florida Reception Center). Thus, it appears that Plaintiff and Duvall are both citizens of Florida. Regardless, Plaintiff has not alleged any facts which indicate that he and Duvall are not citizens of Florida. A Plaintiff has an obligation to plead facts which demonstrate that the District Court enjoys subject-matter jurisdiction. Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiff has not done so despite the fact that the undersigned *specifically instructed Plaintiff that he must allege such facts*. Doc. 3 at 6. The District Court, therefore, lacks diversity-of-citizenship jurisdiction over Plaintiff's state-law claim of battery or aggravated battery.

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

### III. Conclusion

Because the District Court lacks subject-matter jurisdiction over this civil action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice to Plaintiff pursuing his claim in an appropriate Florida court; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this 5th day of May, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**